**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MOJACK DISTRIBUTORS, LLC )
)
Plaintiff, )
)
v. ) Case No. 13-CV-1166-SAC-KGS
)
SHINN FU COMPANY OF AMERICA, INC. ) JURY TRIAL DEMANDED
)
)
Defendant. )
)

**COMPLAINT**

Plaintiff MoJack Distributors, LLC ("MoJack"), for its complaint against defendant Shinn Fu Company of America, Inc. ("Shinn Fu"), states as follows:

**The Parties**

1. MoJack is a limited liability company organized and existing under the laws of the state of Kansas, with a principal place of business at 3535 North Rock Road, Suite 300, Wichita, Kansas 67226. All of the members of MoJack are residents of the State of Kansas.

2. Shinn Fu Company of America, Inc. is a corporation organized and existing under the laws of the state of Missouri, with its principal place of business at 10939 North Pomona Avenue, Kansas City, Missouri 64153. According to the most recent filings with the Missouri Secretary of State, Shinn Fu Company of America, Inc. may be served through its registered agent: Arthur A. Chaykin, 10939 N. Pomona Avenue, Kansas City, MO 64153.

3. Shinn Fu Company of America, Inc. conducts business under the name Pro-Lift, and sells Pro-Lift products directly, and through distributors.

**Jurisdiction**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*., including §§ 271 and 281. This court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, Shinn Fu conducts business in this judicial district.

6. On information and belief, Shinn Fu offers product for sale in this judicial district.

7. On information and belief, Shinn Fu offers Lift Products for sale in this judicial district.

8. On information and belief, Shinn Fu sells products in this judicial district.

9. On information and belief, Shinn Fu sells Lift Products in this judicial district.

10. On information and belief, Shinn Fu imports products into this judicial district.

11. On information and belief, Shinn Fu imports Lift Products into this judicial district.

12. Shinn Fu is subject to this court's general and specific personal jurisdiction, pursuant to due process and/or the Kansas Long Arm Statute, K.S.A. 60-308(b)(1)(A), (B), and (E), due at least to Shinn Fu's substantial business in this judicial district, its transacting of business in this state, committing tortious acts in this state, and entering into contracts with residents of this state, to be performed in whole or in part by either party in this state, and including acts related to the infringement allegations set forth herein.

13. Shinn Fu is also subject to this court's general jurisdiction as a result of regularly doing or soliciting business, engaging in persistent courses of conduct, and/or deriving

substantial revenue from goods sold and provided to persons or entities residing in this judicial district.

## Venue

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## Factual Background

15. MoJack manufactures and sells vehicle lifts ("MoJack Lifts") capable of elevating two wheels of a multi-wheeled vehicle thereby allowing maintenance to be performed on the vehicle.

16. The MoJack Lifts include features claimed in pending U.S. patent applications, as well as features claimed in the Patent-In-Suit ("MoJack Patents").

## The Patent-In-Suit

17. Plaintiff MoJack is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,251,349 (the "'349 patent"), titled "Apparatuses and Methods For An Improved Vehicle Jack," which was duly and legally issued by the United States Patent and Trademark Office in the name of Daniel Vernon Drake on August 28, 2012. A true and correct copy of the '349 patent is attached to this complaint as Exhibit A.

## Shinn Fu

18. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell products including the "Pro-Lift Model T-5300 Lawn Mower Lift," the "Pro-Lift Model T-5305 Lawn Mower Lift," the "Pro-Lift Model T-5350 Lawn Mower Lift," the "Pro-Lift Model T-5350B Lawn Mower Lift," and the "Pro-Lift Model T-5500 Lawn Mower Lift" (the "Lift Products").

19. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5300 Lawn Mower Lift, through a distributor. An image of the Pro-Lift T-5300 Lawn Mower Lift is attached as Exhibit B.

20. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5300 Lawn Mower Lift, through a distributor, which infringes the ‘349 Patent.

21. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5305 Lawn Mower Lift, through a distributor. An image of the Pro-Lift T-5305 Lawn Mower Lift is attached as Exhibit C.

22. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5305 Lawn Mower Lift, through a distributor, which infringes the ‘349 Patent.

23. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5350 Lawn Mower Lift, through their Internet website located at http://www.shinnfuamerica.com. An image of the Pro-Lift T-5350 Lawn Mower Lift is attached as Exhibit D.

24. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5350 Lawn Mower Lift, through their Internet website located at http://www.shinnfuamerica.com, which infringes the ‘349 Patent.

25. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5350B Lawn Mower Lift, through their Internet website located at http://www.shinnfuamerica.com. An image of the Pro-Lift T-5350B Lawn Mower Lift is attached as Exhibit E.

26. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5350B Lawn Mower Lift, through their Internet website located at http://www.shinnfuamerica.com, which infringes the ‘349 Patent.

27. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5500 Lawn Mower Lift, through their Internet website located at http://www.shinnfuamerica.com. An image of the Pro-Lift T-5350B Lawn Mower Lift is attached as Exhibit F.

28. Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell the Pro-Lift T-5500 Lawn Mower Lift, through their Internet website located at http://www.shinnfuamerica.com, which infringes the ‘349 Patent.

29. On information and belief, within this judicial district, Shinn Fu has made, offered to sell, and/or sold, and continues to make, offer to sell, and/or sell products including the Lift Products, without MoJack’s permission.

**Count I**

**Infringement of U.S. Patent No. 8,251,349**

30. MoJack realleges and incorporates by reference the allegations set forth in paragraphs 1 - 29 above.

31. On information and belief, Shinn Fu had knowledge of the ‘349 patent, and related MoJack patent applications.

32. Shinn Fu has been, and currently is, directly and indirectly infringing the ‘349 patent by making, selling, offering for sale, contributing to the use, sale, and infringement by others, and/or inducing others to use and sell the Lift Products.

33. Shinn Fu’s infringement of the ‘349 patent will continue unless enjoined by this court.

34. As a direct and proximate consequence of Shinn Fu's infringement of the '349 patent, MoJack has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which MoJack is entitled to relief.

**Prayer for Relief**

WHEREFORE, MoJack requests this court enter judgment against Shinn Fu, and grant MoJack the following relief:

A. Enter judgment that Shinn Fu has infringed the '349 patent;

B. Enter judgment that Shinn Fu has induced infringement of the '349 patent;

C. Enter judgment that Shinn Fu has contributed to infringement of the '349 Patent;

D. Enter a permanent injunction restraining and enjoining Shinn Fu, and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Shinn Fu who receive actual notice of the order by personal service or otherwise, from any further making, offering for sale, or selling the Lift Products that infringe the '349 patent, whether direct or indirect;

E. An award of a reasonable royalty under 35 U.S.C. § 154 adequate to compensate MoJack for Shinn Fu's infringement of MoJack's provisional rights in the '349 patent;

F. An award of damages under 35 U.S.C. § 284 adequate to compensate MoJack for Shinn Fu's infringement of the '349 patent, in an amount not less than a reasonable royalty, together with interest and costs;

G. A finding that Shinn Fu's infringement of the '349 patent is and has been willful;

H. An award to MoJack of treble damages pursuant to 35 U.S.C. § 284;

I. A finding that this case is exceptional under 35 U.S.C. § 285;

J. An award to MoJack of its reasonable attorney fees under 35 U.S.C. § 285; and

K. Such other further relief as this court or a jury may deem just, proper, and equitable.

**Demand for Jury Trial**

MoJack respectfully demands a trial by jury on all claims and issues so triable.

**Designation of Place of Trial**

MoJack hereby designates Wichita, Kansas as place of trial pursuant to Local Rule 40.2.

Dated: May 1, 2013

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: */s/ J. Nick Badgerow*
J. Nick Badgerow (KS Bar No. 9138)
Barry L. Pickens (KS Bar No. 15822)
Kyle L. Elliott (KS Bar No. 18169)
Kevin S. Tuttle (KS. Dist. Ct. Reg. No. 78436)
SPENCER FANE BRITT & BROWNE LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66207
Tel: (913) 345-8100
Fax: (913) 345-0736
nbadgerow@spencerfane.com
bpickens@spencerfane.com
kelliott@spencerfane.com
ktuttle@spencerfane.com

Attorneys for Plaintiff
MoJack Distributors, LLC